UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                     18-CR-554 (ALC)

                 - against -

                                                                                    ORDER DENYING
                                                                                    COMPASSIONATE RELEASE

LEOM KOLMNELA,

                 Defendant.
------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

                                                BACKGROUND

       On December 6, 2019, I sentenced Mr. Kolmnela to 10 years custody, related to his role in a conspiracy to possess with intent to distribute over five kilograms of cocaine and the exportation of approximately 30 kilograms of methamphetamine. Prior to his arrest, he and his wife owned several businesses, real estate properties and assets. At the time Kolmnela committed the offense, he was at least 45 years old.

       On October 6, 2020, Kolmnela made an administrative request for compassionate release; the facility administrator denied it on October 28, 2020. On January 5, 2021, Kolmnela filed this motion for compassionate release.

       The government responded on January 11, 2021; Kolmnela filed his reply on January 28.

       The government opposes Kolmnela's compassionate release motion, claiming that he hasn't demonstrated extraordinary and compelling reasons and that the factors listed in 18 U.S.C. § 3553(a) counsel against release.

DISCUSSION

A)   LEGAL STANDARDS

A defendant may make a motion for compassionate release to a district court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582.(c)(1)(A)(i).

If the defendant has exhausted all administrative rights, "A court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553 (a) to the extent they are applicable, if it finds that extraordinary and compelling circumstances warrant such a reduction... " 18 U.S.C. § 3582.(c)(1)(A).[1]

B)   ANALYSIS

The parties agree that Kolmnela has exhausted his administrative remedies.

Kolmnela claims that his extraordinary family circumstances and health concerns establish extraordinary and compelling reasons justifying his release. Assuming this is true, the factors listed in 18 U.S.C. § 3553(a) counsel against release. At the age of 45, he chose to engage in serious criminal conduct despite other economic opportunities available to him. There was—and is—a strong need to provide general and specific deterrence in this case. The motion is denied.

---

[1] Although 3582 also requires that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commision, the Second Circuit has held that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person may bring before [the court] in motions for compassionate release." and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1,13, limits the district court's discretion." 976 F.3d 228, 2020 WL 5739712, at *7.

**SO ORDERED.**

**Dated: March 8, 2021**
      **New York, New York**

                                                **/s/ Andrew L. Carter, Jr.**
                                                **ANDREW L. CARTER, JR.**
                                                **United States District Judge**